JURY TRIAL DEMANDED

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
### Eastern Division

| | |
|---|---|
| Rex Sinquefield and W. Bevis Schock, ) | |
| ) | |
| Plaintiffs, ) | Cause No. |
| ) | _____ |
| vs. ) | |
| ) | **JURY TRIAL** |
| ) | **DEMANDED** |
| St. Louis Public School District, a/k/a ) | |
| St. Louis City Public Schools, ) | |
| ) | |
| Serve at: ) | |
| ) | |
| 801 North 11th Street ) | |
| St. Louis, MO  63101 ) | |
| ) | |
| Special Administrative Board of the ) | |
| Transitional School District of the ) | |
| City of St. Louis, ) | |
| ) | |
| Serve at: ) | |
| 801 North 11th Street ) | |
| St. Louis, MO  63101 ) | |
| ) | |
| Melanie Adams, ) | |
| ) | |
| Serve at: ) | |
| 801 North 11th Street ) | |
| St. Louis, MO  63101 ) | |
| ) | |
| Richard K. Gaines, ) | |
| ) | |
| Serve at: ) | |
| 801 North 11th Street ) | |
| St. Louis, MO  63101 ) | |
| ) | |
| Rick Sullivan, ) | |
| ) | |
| Serve at: ) | |
| 801 North 11th Street ) | |
| St. Louis, MO  63101 ) | |

```
and Kelvin Adams,              )
                               )
Serve at:                      )
801 North 11th Street          )
St. Louis, MO  63101           )
                               )
            Defendants         )
```

## COMPLAINT

Come now Plaintiffs Rex Sinquefield (hereinafter "Sinquefield") and W. Bevis Schock (hereinafter "Schock"), by and through their undersigned counsel, and for their Complaint against Defendants St. Louis Public School District a/k/a St. Louis City Public Schools ("School District"), Special Administrative Board of the Transitional School District of the City of St. Louis ("Interim Board"), Melanie Adams ("M. Adams"), Richard K. Gaines ("Gaines"), Rick Sullivan ("Sullivan") and Kelvin Adams ("Superintendent Adams"), state to the Court as follows.

### JURISDICTION & VENUE

1. This action arises under the Constitution of the United States of America and 42 U.S.C. §§ 1983 and 1988. The Court thus has jurisdiction over the subject matter of the action under 28 U.S.C. §§ 1331 & 1343.

2. This action also seeks declaratory relief in accordance with the provisions of 28 U.S.C. § 2201.

3. All causes of action alleged in this complaint arose in the City of St. Louis. Most, if not all, of the acts and omissions underlying this complaint occurred in the City of St.

2

Louis. All or most of the Defendants reside in the City of St. Louis. Thus, venue lies in this Eastern Division of the Eastern District of Missouri. E.D.Mo. L.R. 3-2.07 (A) (1) & (B) (2).

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure and with Local Rule 38-2.04 of this Court, the Plaintiffs hereby demand a trial by jury of all claims and issues in this action triable to a jury.

## PARTIES

4. Sinquefield is an individual residing in Missouri and owning real property in the City of St. Louis. He has standing to bring this action as a tax-paying citizen of the State of Missouri and of the City of St. Louis. If the relief requested by Plaintiffs is not granted, it will result in a direct expenditure or loss of funds generated through taxation or an increase in levy in taxes or pecuniary loss to the School District and the taxpayers.

5. Schock is an individual residing in Missouri and owning real property in the City of St. Louis. He has standing to bring this action as a tax-paying citizen of the State of Missouri and of the City of St. Louis. If the relief requested by Plaintiffs is not granted, it will result in a direct expenditure or loss of funds generated through taxation or an increase in levy in taxes or pecuniary loss to the School District and the taxpayers.

6. Defendant School District is a political subdivision of the State of Missouri with its principal place of business in the City of St. Louis at 801 N. 11th Street, St. Louis, MO, 63101.

7. Defendant Interim Board (hereinafter, the "Interim Board") has a principal place of business in the City of St. Louis at 801 N. 11th Street, St. Louis, MO, 63101.

8. Defendant M. Adams is, and at all times relevant to this action was, a Member of the Interim Board.

9. Defendant Gaines is, and at all times relevant to this action was, a Member of the Interim Board.

10. Defendant Sullivan is, and at all times relevant to this action was, a Member of the Interim Board.

11. Defendant Superintendent Adams is, and at all times relevant to this action was, a Member of the Interim Board.

FACTUAL ALLEGATIONS COMMON TO ALL COUNTS & ALL PRAYERS FOR RELIEF

12. On or about April 4, 2008, the School District, acting with or through the Interim Board, executed a certain purchase and sale agreement (hereinafter, the "Green Lea Agreement") with one North Tower Group, LLC (hereinafter "North Tower Group"), for the sale and conveyance of a school property at Green Lea Place in the City of St. Louis (hereinafter, the "Green Lea School Property"). *A copy of the Green Lea Agreement is attached hereto as* **Exhibit 1**. (North Tower Group is not a party to this action.)

13. Included in the Green Lea Agreement as 'Exhibit B' to that Agreement is the following Deed Restriction (hereinafter, the "Deed Restriction"), which, on the whole, the Agreement establishes as a condition of any conveyance to North Tower Group:

> 1. For a period of one hundred years from the date of recording of this Deed, Grantee agrees and covenants that no portion of the Property shall be used for the

4

following (collectively, the "Restrictions"), without the prior written authorization of Grantor: A primary, elementary or secondary school of any kind providing instruction for any grades kindergarten through twelfth; provided, however, that a center providing care for children outside of such primary, elementary or secondary school setting shall be expressly permitted.

Grantee further agrees that the Restrictions shall run with the land as binding on the Grantee, its successors, and assigns. In the event of a breach of the Restrictions, the non-prevailing party, as determined by the Court, shall pay the reasonable attorney's fees of the prevailing party.

14. On information and belief, the Plaintiffs allege that the inclusion of this Deed Restriction in the Green Lea Agreement was in accordance with a formal policy (hereinafter, the "Policy") adopted officially by the School District or by the Interim Board, but adopted by the Interim board in any event.

15. The Plaintiffs know of certain third party St. Louis schools and St. Louis education entrepreneurs, both private parties and at least one holder of a public charter recently conferred by the State of Missouri (hereinafter, the "Third Party Schools" or a "Third Party School"), who are seeking to purchase various School District properties up for sale.

16. Upon information and belief, the Plaintiffs allege that, in the case of at least one of these Third Party Schools, the Third Party School in question approached a real estate agent retained by the School District (hereinafter, the "School District Realtor") to commence negotiations for the purchase of one or more properties.

17. Upon information and belief, the Plaintiffs allege that the School District Realtor, in all such cases, has questioned the Third Party School in question to determine the nature of its business and immediately informed the Third Party School that the Third Party

School would not be able to purchase any School District property to operate its school or for any educational purpose.

18. Some of the Third Party Schools presently operate schools in St. Louis but wish to acquire existing properties owned by the School.

## Count I
### Violation of Rights (Speech, Expressive Association, and Assembly) Under the First and Fourteenth Amendments of the United States Constitution

19. Plaintiffs incorporate Paragraphs four (4) through eighteen (18) as though fully set forth herein.

20. The Deed Restriction and the Policy which it reflects and implements violate the Free Speech, Free Association, and Free Assembly provisions of the First and Fourteenth Amendments to the Constitution of the United States of America.

21. The Deed Restriction and the Policy deliberately place a substantial obstacle in the way of any parties, such as these Plaintiffs, wishing to set up a school in competition with the schools operated by the School District and in the way of any children wishing to attend such competing schools; and it does the same to the parents of all such children.

22. The Deed Restriction and the Policy are not authorized by any governing statute or regulation of the State of Missouri; if they are so authorized, they are repugnant to the Constitution of the United States of America in any event.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants on Count I in an amount to be determined at trial, for injunctive relief permanently enjoining Defendants from enforcing deed restrictions that purport to prevent property sold by the St. Louis Public School District from being used as primary, elementary, or secondary schools,

including kindergartens through twelfth grades, for declaratory judgment that such restriction is void as a violation of Constitutional and statutory provisions, and all costs of this action and for such other and further relief as the Court may deem just and reasonable.

### Count II
### Violation of Equal Protection Clause of the Fourteenth Amendment to the United States Constitution

23. Plaintiffs incorporate Paragraphs four (4) through twenty-two (22) as though fully set forth herein.

24. The Deed Restriction and the Policy which it reflects and implements violate the Equal Protection provisions of the Fourteenth Amendment to the Constitution of the United States of America.

25. The Deed Restriction and Policy deny equal protection of the laws to these Plaintiffs and to all charter schools and to all private educational institutions who wish to provide the services of primary, elementary, or secondary education to the public in competition with the schools operated by the School District, and who will be adversely and disproportionately impacted by the resulting lack of suitable facilities in which to provide their services.

26. The Deed Restriction and Policy deny equal protection of the laws to many children wishing to attend charter schools and private schools within the City of St. Louis rather than the public schools operated by the School District; and they deny the same protection to the parents of all such children.

27. The Deed Restriction and the Policy are not authorized by any governing statute or regulation of the State of Missouri; if they are so authorized, they are repugnant to the Constitution of the United States of America in any event.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants on Count II in an amount to be determined at trial, for injunctive relief permanently enjoining Defendants from enforcing deed restrictions that purport to prevent property sold by the St. Louis Public School District from being used as primary, elementary or secondary schools, including kindergartens through twelfth grades, for declaratory judgment that such restriction is void as a violation of Constitutional and statutory provisions, and all costs of this action and for such other and further relief as the Court may deem just and reasonable.

## Count III
## 42 U.S.C. § 1983 Civil Rights Violation

28. Plaintiffs incorporate Paragraphs four (4) through twenty-seven (27) as though fully set forth herein.

29. Defendants are all state actors so as to be liable for the deprivation of rights or liberties under the Constitution of the United States of America.

30. In adopting and enforcing and in continuing to attempt to enforce the Deed Restriction and the Policy, each one of the Defendants has, under color of statutes, ordinances, regulations, customs, and usages of the City of St. Louis and the State of Missouri, subjected or caused to be subjected each one of the Plaintiffs and each of the third-parties whose Constitutional rights are implicated in this action to the deprivation of

the Constitutional rights alleged herein and to the deprivation of other rights, privileges, and immunities secured by the Constitution and laws of the United States of America.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants on Count III in an amount to be determined at trial, for their attorney's fees as authorized by 42 U.S.C. § 1988, for injunctive relief permanently enjoining Defendants from enforcing deed restrictions that purport to prevent property sold by the St. Louis Public School District from being used as primary, elementary or secondary schools, including kindergartens through twelfth grades, for declaratory judgment that such restriction is void as a violation of Constitutional and statutory provisions, and all costs of this action and for such other and further relief as the Court may deem just and reasonable.

The Schindler Law Firm, P.C.

Joshua M. Schindler, Bar No. 22593
141 N. Meramec Avenue, Suite 201
St. Louis, MO 63105
(314) 862-1411
(314) 862-1701 Fax
josh@schindlerlawfirm.com
*Attorney for Plaintiffs*